UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN DICARA,<br>    Plaintiff,<br><br>    v.<br><br>CONNECTICUT EDUCATION DEPARTMENT,<br>    Defendant. | :<br>:<br>:<br>:    Civil No. 3:08cv627 (PCD)<br>:<br>:<br>: |

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Alan DiCara challenges the $100.00 fee assessed by Defendant Connecticut State Department of Education to all applicants who seek certification for employment as a School Business Administrator. For the reasons stated herein, Defendant's motion for summary judgment [Doc. No. 18] is **GRANTED**. Plaintiff's motion for summary judgment [Doc. No. 9] is **DENIED**. In light of the summary judgment rulings, Plaintiff's Motion for Injunctive Relief [Doc. No. 2] and Supplemental Motion for Relief [Doc. No. 10] are also **DENIED**.

**I.    Background**

Plaintiff Alan DiCara applied to Defendant Connecticut State Department of Education for certification as a School Business Administrator. This certification is required in order to apply for positions as a School Business Administrator in Connecticut's public schools. Plaintiff's application for the certificate was denied because he failed to submit the $100.00 application fee, which is required, and for which no waiver provision is available. Plaintiff maintains that he is unable to afford the $100.00 fee. To support his statement that he is unable to pay the fee, Plaintiff relies on the financial information provided in his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this case [Doc. No. 1], which was granted. [Doc. No. 5] Plaintiff also explains that he is "somewhat disabled in that he has had cervical disc

surgery and suffers from cervical and neck pain related to compressed discs at C4 and C5 as well as from osteoarthritis, as diagnosed by his doctor(s)." [Doc. No. 11 at 2] He states that "such medical condition has placed Plaintiff in a less than competitive position regarding employment prospects for certain jobs, especially for [jobs] requiring, for instance, lifting and heavy physical stress, also adversely affecting income and assets of Plaintiff." Id. Aside from these statements in his Amended Complaint, Plaintiff has not submitted any other information or documentation with respect to his alleged disability.

Plaintiff contends that the assessment of the application fee regardless of ability to pay "violates the 14th Amendment's equal protection clause and the First, Fifth, and Fourteenth Amendment due process guarantees as well as the US and CT Americans with Disabilities Acts and related state and federal civil rights laws, in that the State refuses to accommodate otherwise eligible candidates who may be disabled and who cannot afford such fees, from applying and competing for job openings for which such certificates are required." [Doc. No. 9-2 at ¶ 4] Both Plaintiff and Defendant have moved for summary judgment.

## II. Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A material fact is one which "might affect the outcome of the suit under the

governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990). The moving party bears the burden of establishing that summary judgment is appropriate. Anderson, 477 U.S. at 225. "A [moving party] need not prove a negative when it moves for summary judgment on an issue that the [non-moving party] must prove at trial. It need only point to an absence of proof on the [non-moving party's] part, and, at that point, the [non-moving party] must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

## III.  Discussion

Plaintiff failed to submit the required Local Rule 56(a)(1) Statement in conjunction with his Motion for Summary Judgment. He also failed to submit a response to Defendant's Local Rule 56(a)(1) Statement. In the absence of a response, the statements therein are deemed admitted. Plaintiff additionally failed to file any response to Defendant's Motion for Summary Judgment, as required by Local Rule 7(a)(1), which provides that failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion. In deference to Plaintiff's *pro se* status, however, the Court has examined Plaintiff's claims.

### A.  Constitutional Claims

Plaintiff asserts that the assessment of a $100.00 fee for certification as a School Business Administrator, without providing a method by which indigent applicants can seek to have the fee waived, constitutes an equal protection and due process violation. Plaintiff has no valid equal

3

protection claim on the basis of being indigent, as poverty is not a suspect classification for the purposes of equal protection analysis. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973); James v. Valtierra, 402 U.S. 137 (1971). "[T]his Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis." Maher v. Roe, 432 U.S. 464, 471 (1977), citing Rodriguez, supra, at 29; Dandridge v. Williams, 397 U.S. 471 (1970). "Obviously, there are differences in the economic circumstances of our citizenry which exist quite apart from any exercise of the privilege which Congress has conferred." Boyden v. Commissioner of Patents, 142 U.S. App. D.C. 351 (D.C. Cir. 1971) (affirming dismissal of suit seeking to require acceptance of patent application without payment of filing fee, on the basis of applicant's poverty).

With respect to Plaintiff's denial of due process claim, Plaintiff has failed to identify any fundamental right that is infringed by the uniform imposition of the fee.[1] The fee clearly does not, as Plaintiff argues, constitute a "poll tax." [Doc. No. 11 at 9] The Supreme Court has found a constitutional requirement that fees be waived for the indigent, or eliminated entirely, only in

---

[1] Nor does Plaintiff have a protected property right in the prospective attainment of the license. "The procedural component of the Due Process Clause does not protect everything that might be described as a "benefit": "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972)....Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-463, 104 L. Ed. 2d 506, 109 S. Ct. 1904 (1989)." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005). Here, "[t]he Department may deny issuance of any certificate under Conn. Agencies Reg. § 10-145d-611." (Def.'s Rule 56(a)(1) Statement, ¶ 5).

cases where a fundamental right was involved.[2]  Where the rights involved are less fundamental or where there are other methods to exercise or vindicate those rights, the Supreme Court has found no constitutional requirement that fees be waived for the indigent.[3]  "It is not the province of this Court to create substantive constitutional rights in the name of guaranteeing equal protection of the laws." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 33 (1973) (no fundamental right to education).

Plaintiff asserts that the assessment of this fee violates Article I, Section 10 of the United States Constitution, which provides that "No state shall...pass any...law impairing the obligations of contracts."  However, Plaintiff has no "existing contractual relations" for the state to impair by means of imposition of the fee.  See Kinney v. Connecticut Judicial Dep't, 974 F.2d 313, 315 (2d Cir. 1992).  To the extent that Plaintiff by means of this statement intended to assert a claim that

---

[2] See Griffin v. Illinois, 351 U.S. 12 (1956) (requiring states to provide free trial transcript to indigent criminal appellants); Gideon v. Wainwright, 372 U.S. 335 (1963) (indigent criminal defendant facing prison sentence must be provided free counsel); Douglas v. California, 372 U.S. 353 (1963) (requiring states to appoint counsel to represent indigent criminal defendants in any direct appeal as of right); Harper v. Virginia Board of Elections, 383 U.S. 663 (1966) (striking down poll tax as infringing fundamental right to vote); Boddie v. Connecticut, 401 U.S. 371 (1971) (state must waive court fees for indigent persons applying for divorce); Little v. Streater, 452 U.S. 1 (1981) (state must pay for indigent defendant's blood test to prove or disprove paternity); Bullock v. Carter, 405 U.S. 134 (1972) (invalidating filing fee for electoral ballot access).

[3] A plaintiff's interest in a bankruptcy discharge "does not rise to the same constitutional level" as the inability to dissolve a marriage except through the courts. United States v. Kras, 409 U.S. 434, 445-46 (1973) (finding "no constitutional right to obtain a discharge of one's debts in bankruptcy" and upholding statutorily imposed bankruptcy filing fees) (later superseded by statute); Ortwein v. Schwab, 410 U.S. 656 (1973) (no right to waiver of appellate court filing fee for welfare recipient seeking to appeal reduction in welfare assistance). Distinguishing Kras and Ortwein, Little noted that those decisions "emphasized the availability of other relief and the less fundamental character of the private interests at stake than those implicated in Boddie." Little v. Streater, 452 U.S. 1, 16 n. 12 (1981).

5

the imposition of the fee impairs his fundamental right to contract to work as a School Business Administrator, it must fail. The Court no longer adheres to the Lochner-era use of due process to strike down wage and labor regulations in order to protect freedom of contract.[4] Such economic and social welfare regulations are subject only to rational basis review.

The State has the authority, pursuant to its police power, to regulate and license professions and trades, particularly where the public's health, safety, and welfare are implicated, as with education. See Watson v. Maryland, 218 U.S 173, 176 (1910). State regulation and imposition of mandatory licensing procedures under the police power has been approved with respect to a wide range of occupations. 51 Am. Jur. 2d §76 (collecting cases). It is permissable to make fees imposed on professionals mandatory.[5] The Connecticut Legislature has provided that "The State Board of Education shall, pursuant to Chapter 54, adopt regulations to provide

---

[4] "Lochner-era cases striking down state laws on a due process theory of freedom of contract were expressly abrogated in Lincoln Federal Labor Union No. 19129 v. Northwestern Iron & Metal Co., 335 U.S. 525, 536-37, 69 S. Ct. 251, 93 L. Ed. 212 (1949), and other earlier cases cited in that opinion." Top Flight, Inc. v. City of Inkster, 2007 U.S. Dist. LEXIS 12892 (E.D. Mich. Feb. 26, 2007). See also West Coast Hotel v. Parrish, 300 U.S. 379, 391 (1937) (holding that liberty of contract, while protected by the Constitution, was subject to reasonable regulation in the interest of the community and noting that "the Constitution does not speak of freedom of contract").

[5] Lathrop v. Donohue, 367 U.S. 820, 842 (1961) (holding that it is not unconstitutional for a state to condition the right to practice law upon membership in the state bar association and to require payment of reasonable annual dues as a condition of membership, in furtherance of "the State's legitimate interests in raising the quality of professional services."); Cantor v. Supreme Court of Pennsylvania, 353 F. Supp. 1307, 1310 (E.D. Pa. 1973) (dismissing constitutional challenge to requirement that attorneys to pay an annual fee to maintain an attorney disciplinary system, with mandatory summary suspension for non-payment of the fee.). Furthermore, where a "fee... is incident to a voluntary act, e. g., a request that a public agency permit an applicant to practice law or medicine or construct a house or run a broadcast station[,]...[t]he public agency performing those services normally may exact a fee for a grant which, presumably, bestows a benefit on the applicant, not shared by other members of society." National Cable Television Ass'n v. United States, 415 U.S. 336, 340-41 (1974).

standards for the certification of school business administrators." Conn. Gen. Stat. § 10-145d. Regulations imposed pursuant to this authority require every superintendent, administrator, teacher and special service staff member to hold a certification or permit, as applicable. Conn. Agencies Reg. § 10-145d-401. (Def.'s Rule 56(a)(1) Statement, ¶ 1.) The requirements for a School Business Administrator certificate are set forth in Conn. Agencies Reg. § 10-145d-588. (Def.'s Rule 56(a)(1) Statement, ¶ 2.)

Where, as here, it is permissible to require a license, it is also permissible to charge a fee to applicants for that license, as long as the fee is reasonable. Eastern Connecticut Citizens Action Group v. Powers, 723 F.2d 1050, 1056 (2d Cir. 1983) (citations omitted). A fee is reasonable if it is a fair approximation of what it costs to process an application, and to monitor the licensee after the license has been issued. Hispanic Taco Vendors of Washington v. City of Pasco, 790 F. Supp. 1023, 1028 (E.D. Wash. 1991) (citing Massachusetts v. United States, 435 U.S. 444, 463-64 (1978)). The burden is on the party challenging the fee to show that it is unreasonable. Bryant v. Village of Sherman, 204 Ill. App. 3d 583, 149 Ill. Dec. 624, 561 N.E.2d 1320 (4th Dist. 1990); Martin Media v. Hempfield Tp. Zoning Hearing Bd., 671 A.2d 1211 (Pa. Commw. Ct. 1996), appeal denied, 546 Pa. 650, 683 A.2d 887 (1996). Plaintiff has not presented evidence demonstrating that the fee is unreasonable as related to the costs it covers. Instead, Plaintiff claims that the fee is unconstitutional as applied to him and to others similarly situated, meaning persons who lack sufficient funds to pay the fee, including persons whose disabilities have allegedly placed them at a disadvantage in being able to earn the funds to pay the fee.

Having concluded that the imposition of the fee implicates neither a fundamental right

nor a suspect classification, the Court asks only "whether the challenged state action rationally furthers a legitimate state purpose or interest." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 55 (1973) (citing McGinnis v. Royster, 410 U.S. 263, 270 (1973)).  The purpose of certification is to ensure that persons applying to be School Business Administrators have the requisite experience and background.  See Conn. Agencies Reg. § 10-145d-589; Application Form (Def.'s Ex. B).  Defendant incurs costs in processing these certification applications, and the reasonable fee serves to offset those expenses.  Because Plaintiff does "not contend that the fee is disproportionate or that it is not an effective means to accomplish the State's goal," the requirement of rationality is met.  See Ortwein v. Schwab, 410 U.S. 656, 660 (1973).

**B.     Americans with Disabilities Act Claims**

Plaintiff has failed to make a *prima facie* case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., or the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-58(a).  The ADA prohibits employers from discriminating against a "qualified individual with a disability."  42 U.S.C. § 12112(a).  A disability is "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual."  42 U.S.C. § 12102(2)(A).  A "qualified individual with a disability" is someone "who, with or without reasonable accommodation, can perform the essential functions" of his or her job.  42 U.S.C. § 12111(8).  To state a *prima facie* case under the ADA, Plaintiff must show 1) Defendant is subject to the statute; 2) Plaintiff has a disability as defined in the ADA; 3) Plaintiff is otherwise qualified for the position, with or without reasonable accommodation; and 4) Defendant treated him adversely solely because of the disability or failed to provide reasonable accommodations.  See Lyons v. Legal Aid Soc., 68 F.3d 1512, 1515 (2d Cir. 1995).

Aside from his conclusory assertion that he is "somewhat disabled in that he has had cervical disc surgery and suffers from cervical and neck pain related to compressed discs at C4 and C5 as well as from osteoarthritis, as diagnosed by his doctor(s)" [Doc. No. 11 at 2], Plaintiff has offered no evidence, such as affidavits, deposition testimony, or other documentation, that he has this condition or that it constitutes a disability for the purposes of the ADA. Even accepting *arguendo* that Plaintiff is disabled as defined in the ADA, he has failed to provide any evidence that Defendant was aware of his disability or that it motivated Defendant's denial of his application. The application was denied solely on the basis of Plaintiff's failure to remit with it the required fee, without Defendant ever addressing the merits of the application or whether Plaintiff was otherwise qualified to be certified as a School Business Administrator. Defendant can not have acted based upon a fact of which it was unaware. Nor has Plaintiff presented any evidence to support his allegation that the fee represents an intentional attempt to exclude disabled persons or racial minorities from employment in the roles that are subject to this certification requirement.

Plaintiff also argues that the fee has a disparate impact on the disabled and racial minorities because they are more likely to be indigent. Plaintiff "bears the initial burden of establishing a *prima facie* showing of disparate impact. To do so, the plaintiff must first identify the employment practice allegedly responsible for the disparities. The plaintiff must then produce statistical evidence showing that the challenged practice causes a disparate impact on the basis of race, color, religion, sex, or national origin." Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 382 (2d Cir. 2006) (internal citations and quotations omitted). Plaintiff has produced absolutely no statistical evidence that the fee has a disparate impact on these groups, and has

9

therefore failed to make a *prima facie* case. Plaintiff's conclusory statement that the fee has a disparate impact on certain groups is insufficient to survive summary judgment, because "summary judgment is designed to pierce the pleadings" and evaluate the sufficiency of the evidence to support the claims therein. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997).

## IV.     Conclusion

For the reasons stated herein, Defendant's motion for summary judgment [Doc. No. 18] is **GRANTED**. Plaintiff's motion for summary judgment [Doc. No. 9] is **DENIED**. In light of the summary judgment rulings, Plaintiff's Motion for Injunctive Relief [Doc. No. 2] and Supplemental Motion for Relief [Doc. No. 10] are also **DENIED**.

SO ORDERED.

Dated at New Haven, Connecticut, November  26 , 2008.

/s/
Peter C. Dorsey, U.S.D.J.